# PAUL HASTINGS

1 (202) 551-1751
ryanphair@paulhastings.com

May 24, 2024

**Via ECF**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Mullen Automotive Inc., et al. v. IMC Financial Markets, et al.*, Case No. 1:23-cv-10637: Defendant IMC Financial Markets' Motion for Sanctions and Costs Against Plaintiffs and Their Counsel

Dear Judge Stanton:

Pursuant to Section 2(A) of Your Honor's Individual Practices, we write on behalf of Defendant IMC Financial Markets ("IMC") to respectfully request a pre-motion conference in connection with IMC's proposed Motion for Sanctions and Costs Against Plaintiffs and Their Counsel Under Federal Rule of Civil Procedure 11 ("Rule 11").  Plaintiffs have made demonstrably false allegations against IMC without any evidentiary support and, despite being confronted with objective, verifiable facts disproving Plaintiffs' allegations, have refused to withdraw their claims repeatedly.

Plaintiff Mullen Automotive, Inc. ("Mullen") first filed this action against IMC and other defendants on December 6, 2023, contending that IMC executed trades on 31 dates to manipulate the market in an alleged "spoofing" scheme.  Upon filing the Complaint, Plaintiffs' lead counsel Wes Christian publicly claimed that Mullen's case was "one of the largest and strongest spoofing and market manipulation cases" he had ever handled, a claim which he repeated on podcasts and in other media appearances.[1]

The problem, however, was that Mullen's allegations against IMC were demonstrably false. IMC informed Mullen's counsel soon after the Complaint was filed that it did not execute a ***single purchase*** of Mullen shares on any of the dates alleged.  In other words, it was impossible

---

[1] "Mullen Files Landmark Federal Spoofing Lawsuit to Combat Artificially Deflated Stock Prices," Dec. 6, 2023, https://news.mullenusa.com/mullen-files-landmark-federal-spoofing-lawsuit-to-combat-artificially-deflated-stock-prices.



Honorable Louis L. Stanton
May 24, 2024
Page 2

for IMC to have spoofed when it did not execute *any* of those purchases. Nor was it even possible for Mullen to credibly claim that IMC traded on any of the dates in question.

Yet even in the face of this contradictory information, Mullen refused to withdraw its claims against IMC, and instead amended its Complaint. Along with adding two new plaintiffs, the Amended Complaint included the 31 trading dates Mullen originally alleged and, surprisingly, an *additional* 90 days in which Plaintiffs allege IMC engaged in further spoofing activity. Plaintiffs offered no explanation as to why these additional 90 days were not included in the original Complaint. And after further discussions with Plaintiffs' counsel, it quickly became clear that they had no more support for any IMC trades on these newly alleged dates than they had for the original 31 dates. Rather, these new allegations were simply designed to cast a wider net in the hope that Plaintiffs might get lucky and hit on a day in which IMC actually traded by quadrupling the number of days in which spoofing was alleged.

As IMC will show in its proposed motion, of the 121 days Plaintiffs now allege IMC manipulated Mullen stock, it is an objective and undeniable fact that IMC *never purchased* Mullen stock on *118* of those dates. As such, at the time Plaintiffs filed their Amended Complaint, it was impossible for them to believe that their allegations had "evidentiary support" as required by Rule 11(b)(3). In fact, Plaintiffs admit that they do not possess any trading records that specifically identify IMC purchases; instead, their allegations have been completely invented out of thin air. Such outrageous conduct is the very reason that Rule 11 exists, especially where, as here, at least one of the firms making the false allegations is a previously sanctioned recidivist. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 155 (2d Cir. 2009) (affirming in relevant part district court's order imposing sanctions against Plaintiffs' counsel James Wes Christian of Christian, Smith & Jewell, LLP).

IMC has sought to avoid bringing this motion for sanctions by conferring with Plaintiffs' counsel numerous times. But even after being served with IMC's proposed motion for sanctions on May 1, 2024, Plaintiffs and their counsel have steadfastly refused to withdraw their objectively false allegations.[2] For these reasons, IMC respectfully requests permission to file its Motion for Sanctions. As will be explained in IMC's proposed motion, Plaintiff's Amended Complaint should be dismissed with prejudice as to IMC, and the Court should enter an order holding Plaintiffs and their counsel jointly and severally liable for the reimbursement of IMC's attorneys' fees and costs incurred in this litigation.

---

[2] Plaintiffs and their counsel have had 21 days to review IMC's proposed motion under the Rule 11 safe harbor before IMC filed this letter. On Friday, May 24, 2024, the day after the safe harbor period expired, one of Plaintiffs' counsel, Warshaw Burstein LLP, informed IMC's counsel that it intends to withdraw as counsel in this action. If Warshaw Burstein LLP withdraws by end of day on Tuesday, May 28, 2024, IMC will not seek sanctions against them.


Honorable Louis L. Stanton
May 24, 2024
Page 3

Respectfully,

  /s/ Ryan P. Phair_____

Ryan P. Phair
for PAUL HASTINGS LLP

Copy to:

All counsel of record.

VIA ECF