# PAUL HASTINGS

1 (202) 551-1751
ryanphair@paulhastings.com

June 5, 2024

**Via ECF**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Mullen Automotive Inc., et al. v. IMC Financial Markets, et al.*, Case No. 1:23-cv-10637: Defendant IMC Financial Markets' Motion for Sanctions and Costs Against Plaintiffs and Their Counsel

Dear Judge Stanton:

I am writing on behalf of my client, Defendant IMC Financial Markets ("IMC"), to clarify certain issues raised in Plaintiffs' June 4, 2024 correspondence.

As an initial matter, IMC's Rule 11 motion is predicated on Plaintiffs' unequivocally false assertions that IMC traded on particular dates and times. The existence of such trades is an objective, verifiable fact—IMC either traded in Mullen Automotive, Inc. stock on those dates and times or it did not. There is no room for interpretation or debate. And, since those trades unequivocally did not occur, it was never possible for Plaintiffs to have ever believed that they did.

Moreover, it is important to emphasize that the Rule 11 safe harbor worked here exactly how Congress intended. After the Rule 11 motion was filed, and IMC explained that it had never engaged in any of the trades mentioned in the complaint, Plaintiffs' former co-counsel advised IMC that it had looked into the allegations and was no longer comfortable that there was sufficient evidence to support them. Consequently, when confronted with its Rule 11 obligations, Plaintiffs' former co-counsel did the right thing and withdrew from the case rather than continuing to spread false and misleading statements without support. Plaintiffs' sole remaining counsel, however, has chosen a different tack. Despite being previously sanctioned for making similarly false allegations, Plaintiffs' sole remaining counsel doubled down on the false allegations and now repeats them to this Court.

To be clear, contrary to Plaintiffs' correspondence, the Rule 11 motion is not about whether IMC engaged in "spoofing." That is a legal conclusion and, as illustrated by the pending motion to



dismiss, IMC is perfectly willing to explain why the facts as alleged in the complaint are legally deficient. Instead, the Rule 11 motion is focused solely on whether Plaintiffs, at the time the complaint was filed, had "evidentiary support" for the underlying allegation that IMC traded at all. Fed. R. Civ. Proc. 11(b)(3). Again, that is an objective, verifiable fact and, if Plaintiffs complied with Rule 11, it should be easy to pinpoint the "evidentiary support" they relied upon in presenting that pleading to the Court. The fact that they cannot do so, despite multiple chances, is deeply troubling.

IMC respectfully suggests that Plaintiffs' false allegations have done enough damage and should not be further countenanced. The time to address this issue is now (or at the very least in conjunction with the pending motion to dismiss).

Respectfully,

\_/s/ Ryan P. Phair_____

Ryan P. Phair
for PAUL HASTINGS LLP

Copy to:

All counsel of record.

VIA ECF