# PAUL HASTINGS

1 (202) 551-1751
ryanphair@paulhastings.com

June 5, 2024

**Via ECF**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Mullen Automotive Inc., et al. v. IMC Financial Markets, et al.*, Case No. 1:23-cv-10637: Defendant IMC Financial Markets' Motion for Sanctions and Costs Against Plaintiffs and Their Counsel

Dear Judge Stanton:

I am writing in response to Mr. Pollack's letter filed earlier today in the above-referenced action. I do not wish to burden the Court with prolonged correspondence regarding IMC's proposed Rule 11 motion, but I do feel it is necessary to respond to Mr. Pollack's suggestion that certain representations I made to the Court regarding our conversations in my prior letter were untrue.

I am surprised by Mr. Pollack's denial of his statements to me.  If I were called to provide testimony on the matter, I am prepared to swear under oath that I spoke with Mr. Pollack via telephone on three occasions—May 21, May 23, and May 24, 2024—regarding his firm's position on IMC's Rule 11 motion.  Mr. Pollack first called me from Paris and asked for an extension of the Rule 11 safe harbor period.  At the time, he suggested that there could be problems between him and his client and co-counsel and that it was in my client's interest to agree to the extension.  In the subsequent calls, however, Mr. Pollack was more candid.  He expressed increasing concern about ensuring that his firm could withdraw before the Rule 11 safe harbor expired.  During those conversations, Mr. Pollack specifically advised me that he had reviewed the Rule 11 motion and asked his client and their retained expert for the support behind the allegations in the Complaint against IMC.  He told me that he and his firm were "dissatisfied" with the answers they received.  As a result, he told me that he and his firm "no longer felt comfortable" with the averments in the Complaint and, because of that, his firm intended to withdraw as counsel.  I informed Mr. Pollack that we would not seek sanctions against his firm if he disassociated himself and his firm from the unequivocally false statements in the Complaint.  Accordingly, in our pre-motion letter filed on May 24, 2024, we informed the Court that Mr. Pollack's firm had contacted us and that we had agreed not to seek sanctions against him or his firm if they withdrew by the end of the day on Tuesday, May 28, 2024.  On



Honorable Louis L. Stanton
June 5, 2024
Page 2

May 28, 2024, Mr. Pollack submitted a letter to the Court seeking to do just that, which this Court endorsed on May 30, 2024.

Sincerely,


  /s/ Ryan P. Phair_____

Ryan P. Phair
for PAUL HASTINGS LLP

Copy to:

All counsel of record.

VIA ECF