

Warshaw Burstein, LLP
575 Lexington Avenue
New York, NY  10022
(212) 984-7700
www.wbny.com

Alan M. Pollack
Partner
(212) 984-7794
apollack@wbny.com

June 7, 2024

**VIA ECF**

Hon. Louis L. Stanton
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street

                Re:    *Mullen Automotive, Inc. v. IMC Financial Mkts, et al.*
                      **No.1:23-cv-10637 (SDNY)**

Dear Judge Stanton:

      I am in receipt of Mr. Phair's second letter dated June 5, 2024, which again makes false accusations and statements regarding the substance of our discussions.

      While it is correct that Mr. Phair and I had three short telephone conversations (on May 21, 23 and 24, 2024) concerning IMC's anticipated motion for Rule 11 sanctions, I categorically and unequivocally deny that I made the statements he ascribes to me in his second June 5, 2024, letter concerning the allegations of the First Amended Complaint ["FAC"].[1]  Indeed, the very notion that I would disclose to opposing counsel the substance of privileged communications with a client beggars belief.

      My conversations with Mr. Phair concerned only his explaining why he believed IMC's motion for Rule 11 sanctions was meritorious, my request for an extension of the Rule 11 safe harbor period because I was on vacation when we spoke on May 21 and 23, and my communicating to him on May 24 my Firm's decision to withdraw.  At no time did I disclose to

---

[1] Based on our analysis of the facts and law and in consultation with our expert witnesses, this firm believed that we had a good faith basis to file the FAC and that the claims being asserted were meritorious.

{1689499.1 }

Hon. Louis L. Stanton
June 7, 2024
Page 2

anyone, let alone opposing counsel, any discussion with my clients or their retained expert, let alone state that those discussions were the basis for this Firm's decision to withdraw as counsel.

      Motions to dismiss and for Rule 11 sanctions, like all motions, are to be decided on their merits. The substance of my communications with Mr. Phair are entirely irrelevant to the motions presently before the Court and are presented in the hopes of unduly influencing the Court or distracting it from the merits of the motions.  It is unfortunate that Mr. Phair feels compelled to ingratiate himself to his client in this manner.

Respectfully submitted,

 /s/ *Alan M. Pollack*
Alan M. Pollack