ORIGINAL

**MEMORANDUM ENDORSEMENT**

<u>Mullen Automotive, Inc. v. Clear Street Markets LLC et al.</u>,
23 Civ. 10637 (LLS)

Warshaw Burstein's basis for withdrawing from representation of plaintiffs was described in its May 28, 2024 letter to the Court (Dkt. No. 41), which allowed the withdrawal (Dkt. No. 42). The contents of communications on that topic between Warshaw and defendant's counsel, Paul Hastings, have less probative value than direct admissible evidence of the facts in the case, and disputes about them tend to be distracting rather than enlightening.

Thus the consideration of any motion for sanctions based on alleged statements in those communications will be deferred at least until the pending motion for dismissal of the complaint is decided.

So ordered.

Dated:   New York, New York
         June 11, 2024

                                Louis L. Stanton
                              ———————————————
                              LOUIS L. STANTON
                                   U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
          6/11/24

Case 1:23-cv-10637-LLS  Document 49  Filed 06/07/24  Page 1 of 2
Case 1:23-cv-10637-LLS  Document 50  Filed 06/11/24  Page 2 of 3



Warshaw Burstein, LLP
575 Lexington Avenue
New York, NY  10022
(212) 984-7700
www.wbny.com

**MEMO ENDORSED**

Alan M. Pollack
Partner
(212) 984-7794
apollack@wbny.com



June 7, 2024

**VIA ECF**

Hon. Louis L. Stanton
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street

                Re:    *Mullen Automotive, Inc. v. IMC Financial Mkts, et al.*
                        **No.1:23-cv-10637 (SDNY)**

Dear Judge Stanton:

      I am in receipt of Mr. Phair's second letter dated June 5, 2024, which again makes false accusations and statements regarding the substance of our discussions.

      While it is correct that Mr. Phair and I had three short telephone conversations (on May 21, 23 and 24, 2024) concerning IMC's anticipated motion for Rule 11 sanctions, I categorically and unequivocally deny that I made the statements he ascribes to me in his second June 5, 2024, letter concerning the allegations of the First Amended Complaint ["FAC"].[1]  Indeed, the very notion that I would disclose to opposing counsel the substance of privileged communications with a client beggars belief.

      My conversations with Mr. Phair concerned only his explaining why he believed IMC's motion for Rule 11 sanctions was meritorious, my request for an extension of the Rule 11 safe harbor period because I was on vacation when we spoke on May 21 and 23, and my communicating to him on May 24 my Firm's decision to withdraw.  At no time did I disclose to

---

[1] Based on our analysis of the facts and law and in consultation with our expert witnesses, this firm believed that we had a good faith basis to file the FAC and that the claims being asserted were meritorious.

{1689499.1 }

Hon. Louis L. Stanton
June 7, 2024
Page 2

anyone, let alone opposing counsel, any discussion with my clients or their retained expert, let alone state that those discussions were the basis for this Firm's decision to withdraw as counsel.

Motions to dismiss and for Rule 11 sanctions, like all motions, are to be decided on their merits. The substance of my communications with Mr. Phair are entirely irrelevant to the motions presently before the Court and are presented in the hopes of unduly influencing the Court or distracting it from the merits of the motions. It is unfortunate that Mr. Phair feels compelled to ingratiate himself to his client in this manner.

> Respectfully submitted,
>
> /s/ *Alan M. Pollack*
> Alan M. Pollack

{1689499.1 }