UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULLEN AUTOMOTIVE, INC., HYON CHA, and SHAYAN KHORRAMI,<br><br>Plaintiffs,<br><br>- against -<br><br>IMC FINANCIAL MARKETS, CLEAR STREET MARKETS LLC, UBS SECURITIES, LLC, and John Does 1 THROUGH 10,<br><br>Defendants. | Case No. 1:23-cv-10637<br><br>Hon. Louis L. Stanton |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CHRISTIANATTAR TO WITHDRAW AS COUNSEL

### Preliminary Statement

This memorandum of law is submitted by ChristianAttar ("CA") in support of its motion pursuant to Local Civil Rule 1.4 for an Order relieving CA as attorneys of record for the plaintiffs Mullen Automotive, Inc ("Mullen"), Hyon Cha ("Cha"), and Shayan Khorrami ("Khorrami"). Mullen, Cha, and Khorrami are referred to herein collectively as "Plaintiffs". As set forth in the accompanying Declaration of James W. Christian, there has been a breakdown in the attorney-client relationship, and Plaintiffs have retained new counsel.

The Plaintiffs have told CA that they consent to the relief sought herein.

### Statement of Facts

This is an action against IMC Financial Markets, Clear Street Markets LLC, UBS Securities, LLC, and John Does 1 through 10 for securities fraud.

This action was commenced in December of 2023 and is still in the motion to dismiss phase, and the action is not yet on the Court's trial calendar.

Plaintiffs prefers Kasowitz Benson Torres LLP be the only counsel further prosecuting the case. As such, Plaintiffs have retained Kasowitz Benson Torres LLP, who made an appearance in this Court on June 12, 2024 as to Mullen, and then June 17th as to Cha and Khorami.. Kasowitz Benson Torres LLP shall be responsible for all matters in the future.

### Argument

Local Civil Rule 1.4 allows this Court to grant a motion to withdraw if satisfactory reasons for withdrawal have been shown. Courts allow withdrawal based on the breakdown of client-attorney relationships. *Gordon v. Chambers TenthoUSAnd Projects, LLC*, No. 20-CV-696, 2024 U.S. Dist. LEXIS 72764 (E.D.N.Y. Apr. 22, 2024) (granting a motion to withdraw as counsel when there was "a breakdown in the attorney-client relationship"); *Moyal v. Münsterland Gruppe GmbH & Co. KG*, 539 F. Supp. 3d 305, 310 (S.D.N.Y. 2021) (no longer having authority to act on behalf of client is a satisfactory reason).

Here, Plaintiffs have expressed a desire to no longer be represented by CA. Moreover, Plaintiffs have retained the services of Kasowitz Benson Torres LLP. As such, CA no longer has authority to act on behalf of Plaintiffs.

This action is still in the Motion to Dismiss phase, discovery and other depositions have not yet commenced. Accordingly, trial of this action will not be significantly delayed as a result of CA's withdrawal.

It bears emphasis that the Plaintiffs consent to the relief sought herein.

### Conclusion

For all the foregoing reasons, CA's motion to withdraw as counsel, save for the limited jurisdiction of the pending Rule 11 motion, should be granted.

Dated: New York, New York
      July 17, 2024

Respectfully submitted,

By: _____

James W. Christian
ChristianAttar,
1177 West Loop South, Suite 1700
Houston, Texas 77027
Tel: (713) 659-7616
Fax: (713) 659-7641

Attorney for Plaintiffs

3