UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULLEN AUTOMOTIVE, INC., HYON CHA, and SHAYAN KHORRAMI,<br><br>Plaintiffs,<br><br>vs.<br><br>IMC FINANCIAL MARKETS, CLEAR STREET MARKETS LLC, CLEAR STREET LLC, UBS SECURITIES LLC, and JOHN DOES 1 THROUGH 10,<br><br>Defendants. | No. 1:23-cv-10637 (LLS) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants IMC Financial Markets ("IMC"), Clear Street Markets LLC ("Clear Street Markets"), Clear Street LLC (together with Clear Street Markets, "Clear Street"), and UBS Securities LLC ("UBS") (each a "Defendant" and together, the "Defendants") respectfully submit this response to the Notice of Supplemental Authority filed by Plaintiffs Mullen Automotive, Inc. ("Mullen"), Hyon Cha ("Cha"), and Shayan Khorrami ("Khorrami") (each a "Plaintiff" and collectively, the "Plaintiffs") (ECF No. 66, the "Notice") regarding a recent order granting leave to amend in *Phunware, Inc*. v. *UBS Securities LLC*, 2024 WL 4891891 (S.D.N.Y. Nov. 26, 2024) ("*Phunware II*").

In *Phunware II*, Judge Ho found that "[v]iewed in the light most favorable to Plaintiff," "instances of sales ***within seconds***" of alleged spoofing activity were "sufficient to plead loss causation under the temporal proximity theory using a common-sense inference." *Phunware II*, at *2 (emphasis added). *See also id*. ("Phunware states that it traded stocks ***within seconds*** of the spoofing, supporting a common-sense inference of loss.") (emphasis added). Based on allegations

1

that the plaintiff in *Phunware* made sales "within seconds" of alleged spoofing on at least one day of the relevant time period, Judge Ho granted the plaintiff leave to file its proposed amended complaint "without prejudice to motions practice with respect to any alleged injury under the long-term price impact theory" and any other issues not addressed in the order. *Id.* at *3. On December 9, 2024, Judge Ho adopted a schedule for the briefing of UBS's anticipated motion to dismiss the amended complaint.[1]

In their Notice, Plaintiffs argue that *Phunware II* supports their arguments that Plaintiffs' First Amended Complaint in this case adequately alleges loss causation. Plaintiffs misinterpret *Phunware II* and are wrong for several independent reasons.

*First*, at most, *Phunware II* holds that a "common-sense inference of loss" may exist where allegedly damaged sales occurred "within seconds" of the alleged spoofing. Here, however, none of Plaintiffs' sales are alleged to have been "within seconds" of the purported spoofing. As detailed in Defendants' Motion to Dismiss, the majority of Plaintiffs' alleged sales were admittedly more than an hour after the alleged spoofing activity, and sometimes days or weeks after the relevant Defendant's supposed spoofing. (*See* ECF No. 38 at 44.) Even Plaintiffs seem to recognize the distinction between the allegations in *Phunware* and the allegations in this case, acknowledging that *Phunware II* found "plaintiff's allegation that the defendant traded '*within seconds*' of alleged spoofing activity was sufficient" and that Plaintiffs here, at best, pled examples "of trading in MULN stock *within minutes* of Defendants' spoofing activity." (Notice at 2–3) (emphasis added). Minutes, hours, days or weeks is far too long to support an inference of loss causation, and *Phunware II* does not support any argument otherwise.

---

[1] Order, *Phunware, Inc.* v. *UBS Securities LLC*, No. 1:23-cv-06426 (S.D.N.Y. Dec. 9, 2024), ECF No. 37.

***Second***, after acknowledging the difference in timing allegations, Plaintiffs nonetheless ask the Court to accept as properly pled their sales "within minutes" of the alleged spoofing because Plaintiffs claim to have also "included fact allegations establishing that spoofing activity creates a long-term, or even permanent, impact on a company's stock price." (Notice at 3.) However, as fully explained in Defendants' Motion to Dismiss (*see* ECF No. 38 at 40–43; ECF No. 64 at 27–29), Plaintiffs' conclusory and implausible allegations as to long-term price impact fall short. (ECF No. 38 at 40–41; ECF No. 64 at 27–28.) And Plaintiffs cannot possibly rely on Judge Ho's decision in *Phunware II* to support their long-term price impact arguments as Judge Ho expressly did not reach such arguments. *Phunware II*, at *3 (holding that on motion to amend "the Court finds it unnecessary to determine whether the Plaintiff sufficiently pleads long-term price impact").

***Third***, in *Phunware II*, the defendant argued that plaintiff's factual allegations were internally conflicting and thus entitled to no weight, including allegations that defendant was selling shares during the same windows of time that plaintiff alleged defendant was artificially and intentionally deflating the stock price. Judge Ho did not accept this argument, finding that allegations that the "spoofing episodes caused 'a price decline followed by a *partial* reversion'" presented a factual question on the performance of the stock that could not be resolved against the plaintiff on a motion to amend. *Phunware II*, at *3 (emphasis in original). Here, while Plaintiffs make a similar claim of a partial price reversion, the charts relied on by Plaintiffs to make that argument plead the opposite. (ECF No. 38 at 38–39.) Specifically, Plaintiffs' allegations demonstrate that Mullen's share price ***never*** reverted to pre-spoofing levels and declined with ***no rebound*** whatsoever. (*Id*. (citing AC ¶¶ 181, 188).) Plaintiffs' own allegations preclude any finding of a plausible basis for Plaintiffs' purported partial rebound theory in this case.

3

***Finally***, while Plaintiffs appear to argue that *Phunware II* resolves all the issues in Defendants' motion in this case, Plaintiffs again ignore that their complaint is the only complaint across a series of recent spoofing cases that has relied on a highly speculative "probabilistic imputation" "Methodology" that improperly lumps together the trading activity of eleven separate groups of unidentified actors and attributes it all to Defendants based on nothing more than the timing of certain orders.  Plaintiffs' Methodology has ***never*** been accepted by any court, and this Court should not be the first.  As explained in detail in Defendants' Motion to Dismiss briefing, Plaintiffs' admittedly flawed Methodology amounts to "rank speculation" that is insufficient to meet their pleading burdens.  (ECF No. 38 at 39 (citing *In re Merrill, Bofa, & Morgan Stanley Spoofing Litig.*, 2021 WL 827190, at *13 (S.D.N.Y. Mar. 4, 2021); ECF No. 64 at 25–26.)

For each of these reasons, Defendants respectfully maintain that *Phunware II* does not impact the arguments made in Defendants' Motion to Dismiss.  (ECF Nos. 38, 64.)

Dated: December 23, 2024
New York, New York

**CAHILL GORDON & REINDEL LLP**

By: /s/ Herbert S. Washer
Herbert S. Washer
Tammy L. Roy
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
hwasher@cahill.com
troy@cahill.com

*Attorneys for UBS Securities LLC*

**MORRISON & FOERSTER LLP**

By: /s/ Anthony S. Fiotto
Anthony S. Fiotto
Mitchell Feldman (*pro hac vice* forthcoming)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 648-4774
Facsimile: (617) 830-0142
afiotto@mofo.com

Eric D. Lawson
250 West 55th Street
New York, NY 10019
Telephone: (212) 336-4067
Facsimile: (212) 468-7900
elawson@mofo.com

*Attorneys for Clear Street Markets LLC and Clear Street LLC*

**PAUL HASTINGS LLP**

By: /s/ Jennifer L. Conn
Jennifer L. Conn
Zachary Melvin
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6004
Facsimile: (212) 319-7004
jenniferconn@paulhastings.com
zacharymelvin@paulhastings.com

Ryan P. Phair
Robert A. Silverstein
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1751
Facsimile: (202) 551-0251
ryanphair@paulhastings.com
robertsilverstein@paulhastings.com

*Attorneys for IMC Financial Markets*