## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MULLEN AUTOMOTIVE, INC., HYON CHA, and SHAYAN KHORRAMI<br><br>            Plaintiffs,<br><br>    - against-<br><br>IMC FINANCIAL MARKETS, CLEAR STREET MARKETS LLC, CLEAR STREET LLC, UBS SECURITIES LLC and JOHN DOES 1 THROUGH 10,<br><br>            Defendants. | Case No: 1:23-cv-10637 (LLS) |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

LOUIS L. STANTON, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order (the "Order") pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties anticipate that discovery in this action is likely to involve the production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than in connection with this action may be warranted; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents,

servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1.    Any Party or non-party that produces documents or other information in this action (each a "Producing Party") may designate as "Confidential" or "Highly Confidential" any "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) subject to the terms of this Order.

2.    Any Party that receives Confidential or Highly Confidential Material from any Producing Party in this action (each a "Receiving Party") shall not disclose such Confidential or Highly Confidential Material to anyone else except as expressly permitted hereunder.

3.    A Producing Party may designate as Confidential any Discovery Material that it reasonably and in good faith believes contains or reflects:

> (a) previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

> (b) previously non-disclosed business plans, product-development information, marketing plans, or competitively sensitive information;

> (c) any information that contains, reflects, or would reveal a "trade secret or other confidential research, development, or commercial information," (*see* Fed. R. Civ. P. 26(c)(1)(G));

> (d) previously nondisclosed information the public disclosure of which would reveal confidential customer or client information or would otherwise reveal

2

information any Party is obligated to keep confidential pursuant to the laws or regulations of any country, one or more contracts, or otherwise;

(e) any information of a sensitive personal or intimate nature regarding any individual;

(f) any information for which applicable federal, state, or foreign law requires confidential treatment; or

(g) any other category of information given confidential status by this Court after the date of this Order.

4.       A Producing Party may designate as Highly Confidential any Discovery Material that it reasonably and in good faith believes contains or reflects information that is of such a private, sensitive, competitive, or proprietary nature that present disclosure to persons other than those identified in Paragraphs 10(a)-(c) and 10(e)-(l) below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party.

5.       With respect to Confidential or Highly Confidential Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate each document as Confidential or Highly Confidential by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document in a manner that will not interfere with legibility or audibility.

6.       For deposition or other recorded testimony, a Party may designate all or portions of the record of such testimony that it reasonably and in good faith believes contains or reflects Confidential or Highly Confidential Material by either: (a) indicating on the record at the time that the testimony is given that the testimony, or specified portions hereof, is Confidential or Highly

Confidential or (b) providing written notice to all Parties within thirty (30) days of receipt of the final transcript of the testimony that the testimony, or specified portions thereof, is Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party.  All Parties will treat all deposition transcripts as if they had been designated Highly Confidential until 30 days after the final transcript of such deposition is made available to the Parties and the testifying witness.

7.      A Receiving Party may designate as Confidential any Discovery Material not so designated by the Producing Party, if the Receiving Party reasonably believes in good faith that such Discovery Material contains information falling within the categories set forth in Paragraph 3 above.  The Receiving Party may make such a designation by notifying all Parties in writing of the designation, with sufficient specificity to allow all other Parties to determine which specific Discovery Material the Receiving Party wishes to designate as Confidential.

8.      Notwithstanding the foregoing, if, at any time, before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without designation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential, as applicable.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation as applicable within two (2) business days of providing such notice.

9.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10.     Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

> (a) outside counsel retained for this Action, including any attorney, paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;
>
> (b) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;
>
> (c) in-house counsel for the Parties who either have decision-making authority for the litigation of this Action or are assisting outside counsel in the litigation of this Action;
>
> (d) to extent that disclosure is reasonably necessary for the Action, current officers, directors, or employees of the Parties;
>
> (e) consultants or experts who are assisting counsel in the litigation of this Action, provided that: (1) before access is given, the consultant or expert has executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A, a copy of which will be maintained by the Party and need not be produced in this Action; (2) any part of any report created by such consultants or experts incorporating Confidential or Highly Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and (3) such consultants or experts may not use Confidential or Highly Confidential

Material for any purpose that does not relate directly to the Action (including without limitation other litigation and other work in their respective fields);

(f) any mediator, arbitrator, or other dispute resolution personnel that the Parties engage in this matter or that this Court appoints, or any employee thereof;

(g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h) deposition and trial witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary; however such persons will not be permitted to keep any Confidential or Highly Confidential Material shown, unless otherwise agreed by the Producing Party or ordered by the Court;

(i) stenographers and videographers engaged to transcribe or record depositions the Parties conduct in this action;

(j) insurers, reinsurers, insurance adjusters, and/or third-party administrators of insurance policies that do or may provide insurance coverage applicable to this action, and/or any insurance brokers retained to liaise with any such insurers or related entities, and their counsel;

(k) any other individuals or categories or individuals that the Parties agree, in writing, may be provided Confidential or Highly Confidential Material subject to this order; and

(l) this Court, including any appellate court, its support personnel, and court reporters.

11.     Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential Discovery Material shall not be furnished, shown, or disclosed to any person or entity except to those identified in Paragraphs 10(a)-(c) and 10(e)-(l).

12.     Nothing herein shall be construed as preventing any Party from seeking agreement with the other Parties—or, if necessary, a Court order—that the disclosure of certain Confidential or Highly Confidential Material be limited to only a subset of the individuals referred to in Paragraph 10 above, or be produced with other safeguards, if required by applicable laws or regulations or if the Party reasonably and in good faith believes such additional safeguards are otherwise necessary.

13.     This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder.  All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

14.     In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), provided that the Producing Party does not provide written permission for the Confidential or Highly Confidential Discovery Material to be publicly filed, the filing Party shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with Rule

3(B) of the Court's Individual Practices, the filing Party shall file an unredacted copy, with proposed redactions highlighted, of the Confidential Court Submission under seal with the Clerk of this Court. In accordance with Rule 3(B) of this Court's Individual Practices, any Party that seeks to file Confidential or Highly Confidential Discovery Material under seal or with redactions must file an application explaining the particular reasons therefore, provided that the Producing Party bears the burden of justifying sealing or redaction. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. Any Party who objects to any designation of Confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party and the other Parties in this action a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, the Parties may address their dispute to this Court in accordance with Local Civil Rule 37.2. The burden of maintaining any designation of Confidentiality shall be on the Producing Party. Until the Court rules on the dispute, all Parties shall continue to treat the material in question as Confidential or Highly Confidential, except that any Party may submit the material in question to the Court for *in camera* review. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) business days of the ruling.

16. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation or proceeding. Nothing contained

in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17.     Nothing in this Order will prevent any Party from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that if such subpoena or compulsory process seeks Confidential or Highly Confidential Discovery Material, such Party gives written notice and a copy of the subpoena or compulsory process to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena or other compulsory process on confidentiality grounds if the Producing Party deems it appropriate to do so.  If the compelled Party intends to produce Confidential or Highly Confidential Discovery Materials prior to a ruling on the Producing Party's objection, the compelled Party shall take all reasonable steps to secure temporary confidential treatment for the materials.

18.     Each person who has access to Confidential or Highly Confidential Discovery Material pursuant to this Order must take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Discovery Material to any person or in any circumstances not authorized under this Order, that Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery by the Receiving Party or its counsel of record of the disclosure: (a) notify in writing the Producing Party of the unauthorized disclosure(s); (b) make reasonable efforts to retrieve all copies of the Confidential or Highly Confidential

Discovery Material that was disclosed without authorization; (c) inform the person or persons to whom the unauthorized disclosure or disclosures were made of the terms of this Order; and (d) request that such person or persons either (1) execute the Non-Disclosure Agreement in the form annexed hereto as Exhibit A; or (2) promptly return or destroy all copies of the Confidential or Highly Confidential Discovery Material at issue.

20.    The inadvertent production in this action of any Discovery Material subject to protection by the attorney-client privilege, state or federal bank examination privileges, the work-product doctrine, or any other privilege protecting the information from discovery shall not in itself constitute a waiver of any privilege or protection in this action or in any other proceeding, provided that the Producing Party notifies the Receiving Party or Parties of the production of the purportedly protected materials (the "Identified Materials") in writing, and within a reasonable time after the Producing Party discovers the production.  As soon as practicable after the notification, the Producing Party shall identify the Identified Materials produced by Bates number and will provide a privilege log identifying the basis for the withholding of the Identified Materials, and shall provide a redacted replacement for the Identified Materials if only a portion of the Identified Materials is purported to be protected.  If a Producing Party provides such a notice pursuant to this paragraph, the Receiving Party shall promptly return, sequester, or destroy the Identified Materials and any copies it has; must not use or disclose the Identified Materials until the claim is resolved; and must take reasonable steps to retrieve the Identified Materials if the Party disclosed it before being notified; provided that any Party may promptly present the information to the Court under seal for a determination of the claim.  The Producing Party must preserve the information until the claim is resolved.  The burden remains on the Producing Party to justify the assertion of privilege.

This paragraph is entered pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).

21.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Highly Confidential Discovery Material must either return or destroy such material, including all copies thereof.  Upon request of the Producing Party, the recipient must submit a written confirmation of its return or destruction to the Producing Party that also asserts that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.  For the avoidance of doubt, nothing herein requires any Producing Party to destroy any Confidential or Highly Confidential Discovery Material that it produced in this action.

22.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

23.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24.     This Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure.

11

25.    The Parties may modify the provisions of this Order at any time, by written stipulation and Court order, except the Parties may extend any of the time limits contained herein by written agreement.

26.    Agreeing to this Order, producing Discovery Material pursuant to this Order, and/or otherwise complying with the terms of this Order shall not:

(a)  operate as an admission by any Receiving Party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)  prejudice in any way the rights of any Party or Producing Party to object to the production of documents or testimony it considers not subject to discovery;

(c)  prejudice in any way the rights of any Party or Producing Party to object to the relevance, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(d)  prejudice in any way the rights of any Party or Producing Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Order;

(e)  prejudice in any way the rights of any Party or Producing Party to petition the Court for a further protective order relating to any purported Confidential or Highly Confidential Discovery Material;

(f)  prejudice in any way the rights of any Party or Producing Party to move the Court to broaden or restrict the right of access to and use of particular Discovery Material;

(g) prevent the Parties to the Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material; or

(h) be construed as an agreement by any person or entity to produce or supply any document or testimony, or as a waiver by any person or entity of its right to object to the production of any document or testimony, or as a waiver of any claim of privilege or protection with respect to the production of any document or testimony.

SO STIPULATED AND AGREED.

Dated: New York, New York
        May 23, 2025

*[signature page follows]*

KASOWITZ BENSON TORRES LLP

By: */s/ Stephen W. Tountas*
Stephen W. Tountas
Andrew L. Schwartz
Andrew C. Bernstein
William W. Taub
Daniel M. Furey
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
stountas@kasowitz.com
aschwartz@kasowitz.com
abernstein@kasowitz.com
wtaub@kasowitz.com
dfurey@kasowitz.com

*Attorneys for Plaintiffs*

MORRISON & FOERSTER LLP

By: */s/ Eric D. Lawson*
Anthony S. Fiotto
Julia C. Koch
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 648-4774
Facsimile: (617) 830-0142
afiotto@mofo.com
jkoch@mofo.com

Eric D. Lawson
250 West 55th Street
New York, NY 10019
Telephone: (212) 336-4067
Facsimile: (212) 468-7900
elawson@mofo.com

*Attorneys for Defendants Clear Street
Markets LLC and Clear Street LLC*

PAUL HASTINGS LLP

By: */s/ Jennifer L. Conn*
Jennifer L. Conn
Zachary Melvin
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6004
Facsimile: (212) 319-7004
jenniferconn@paulhastings.com
zacharymelvin@paulhastings.com

Ryan P. Phair
Robert A. Silverstein
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1751
Facsimile: (202) 551-0251
ryanphair@paulhastings.com
robertsilverstein@paulhastings.com

*Attorneys for Defendant IMC Financial
Markets*

CAHILL GORDON & REINDEL LLP

By: */s/ Tammy L. Roy*
Herbert S. Washer
Tammy L. Roy
Ivan Torres
32 Old Slip
New York, NY 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
hwasher@cahill.com
troy@cahill.com
itorres@cahill.com

*Attorneys for Defendant UBS Securities LLC*

**SO ORDERED.**

_____
Louis L. Stanton, U.S.D.J.

14

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MULLEN AUTOMOTIVE, INC., HYON CHA, and SHAYAN KHORRAMI<br><br>    Plaintiffs,<br><br>    - against-<br><br>IMC FINANCIAL MARKETS, CLEAR STREET MARKETS LLC, CLEAR STREET LLC, UBS SECURITIES LLC and JOHN DOES 1 THROUGH 10,<br><br>    Defendants. | Case No: 1:23-cv-10637 (LLS) |

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Order") in this action governing the non-disclosure of Confidential or Highly Confidential Discovery Material. I agree that (i) I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than, if applicable, the individuals set forth in Paragraph 10 of the Order; (ii) I will not use or disclose such Confidential or Highly Confidential Discovery Material for any purposes other than in connection with this litigation; (iii) at the conclusion of the litigation I will return all Confidential or Highly Confidential Discovery Material to the party or attorney from whom I received it, or confirm to that party or attorney that such information has been destroyed; and (iv) I will abide by all other terms of the Order, to the extent applicable to me. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____   _____