ORIGINAL

MEMO ENDORSED

May 23, 2025

**VIA ECF**

Hon. Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/25

Re: *Mullen Automotive, Inc. v. Clear Street Markets LLC, et al.*,
No. 1:23-CV-10637-LLS (SDNY)

Dear Judge Stanton:

We write on behalf of all parties in the above-captioned matter to advise the Court that, despite multiple attempts, the parties could not reach full agreement on a proposed scheduling order.

Plaintiffs first contacted Defendants on April 15, 2025, to share a proposed discovery schedule and request a Rule 26(f) conference. The parties ultimately conducted a Rule 26(f) conference on May 6, 2025. After trading several drafts throughout May and conducting two additional conferences to attempt a resolution, the parties reached a partial impasse on May 22, 2025.

As reflected in the attached alternative proposed schedules, the parties agree on: (1) a statement of the issues; (2) the deadline for initial disclosures; (3) end dates for depositions, fact discovery, and expert discovery; (4) the deadline for summary judgment motions; (5) pre-trial order deadlines; and (6) an anticipated length and form of trial.

The parties disagree on interim deadlines for: (1) written and testimonial discovery; (2) the production of documents; and (3) amendment of the complaint to add additional defendants. Plaintiffs' proposed scheduling order is attached hereto as **Exhibit A**. Defendants' proposed scheduling order is attached hereto as **Exhibit B**. A redline comparison between the proposals is attached hereto as **Exhibit C**.

The parties' position statements follow.

**Plaintiffs' Position**

The parties' impasse is a direct result of Defendants seeking to backdoor a partial discovery stay, delay the prosecution of this action, and artificially limit Plaintiffs' discovery authority. This Court's March 28, 2025 Order on Defendants' motion to dismiss permitted all claims against Defendants to proceed in discovery. Nevertheless, Defendants seek to relitigate the motion to dismiss, raising below the same arguments that this Court has already rejected.

Hon. Louis L. Stanton
May 23, 2025
Page 2

Neither the Order, nor the Federal Rules, permit the prejudicial discovery restrictions that Defendants seek to impose on Plaintiffs.

Plaintiffs agreed with Defendants' proposal to "prioritize" production of Defendants' trading data. Defendants, however, take that agreement too far. Defendants believe that while they gather the trading data, they should be immune from all other discovery and that Plaintiffs should not be permitted to serve additional requests. Some Defendants hope that the trading data will demonstrate that they should not be parties to this action (despite the Court's Order), but insist on delaying that production and stymying Plaintiffs' ability to probe relevant information. And though Defendants seek 5 months (since the Order) to gather that data, they propose to give Plaintiffs only 2.5 months to review the voluminous data and decide whether they will amend.

Defendants also seek to prohibit the parties from even *serving* written discovery requests on each other until August 29, 2025 at the earliest (despite the Federal Rules permitting service now), require Plaintiffs to serve production requests on any new parties by the date they are added, and allow themselves to first serve their requests only 3 months before Plaintiffs' productions would be due. Defendants attempt to justify their proposal as enabling hypothetical future parties to be on an aligned discovery schedule. But there is no valid reason that the current parties should not be able to serve discovery requests on each other, as the potential addition of parties has no bearing on the current parties' own obligations.

Defendants also seek to prohibit the nature and timing of Plaintiffs' third-party discovery requests. Specifically, they argue that Plaintiffs cannot serve subpoenas regarding trading data after July 25, 2025, even though they only propose to produce their own data one month later.

Read as a whole, Defendants seek to arbitrarily restrict Plaintiffs' ability to prosecute this case by delaying discovery into Defendants' relevant information and condensing Plaintiffs' time to respond to Defendants' belated requests. Plaintiffs' proposal would allow the parties to prioritize trading data (although not required), conduct discovery as the Federal Rules permit, and provide ample time for the parties to complete productions and depositions after amendment. As Plaintiffs explained to Defendants, Plaintiffs do not and cannot know, at this time, whether an amended complaint (with new parties) will be necessary at all. As with any fraud case, if discovery reveals previously unknown fraud participants, Plaintiffs will amend at the appropriate time. Should Plaintiffs choose to amend, Plaintiffs will not, however, seek to depose any witnesses twice.

The parties have agreed to rolling productions (Plaintiffs propose a January completion date; Defendants propose February). The parties agree on the end dates for discovery. The Parties should be permitted—and required—to begin discovery now.

For ease of reference, below is a chart of the outstanding differences between the parties' proposals:

Hon. Louis L. Stanton
May 23, 2025
Page 3

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Trading Data Production | *by* July 31, 2025 | *by* August 29, 2025 |
| Third-Party Requests for Trading Data | *Initial* requests by July 25, 2025 | *All* requests by July 25, 2025 |
| Amendment to Add Parties | *by* December 12, 2025 | *by* November 14, 2025 |
| First Sets of Party RFPs | *by* June 20, 2025 | *only between* Aug. 29 — Nov. 14, 2025 |
| Substantial Completion of Document Production | *by* January 16, 2026 | *by* February 15, 2026 |
| All Interrogatories and RFAs | *by* April 17, 2026 | *only between* Nov. 14, 2025 — April 17, 2026 |
| Fact Depositions | *by* May 29, 2026 | *only between* Nov. 15, 2025 — May 29, 2026 |

**Defendants' Position**

In this action, Plaintiffs contend that the named Defendants, and ten Doe Defendants, all engaged in a complex scheme to "spoof" Plaintiff Mullen's stock by placing fictitious orders to sell Mullen shares to purposefully drive down the price, immediately cancelling those orders, and purportedly profiting by executing purchases at artificially low prices. In their complaint, however, Plaintiffs concede they are not able to identify Defendants' *actual* trading activity in Mullen stock on the dates they allege because "most order flow in listed securities is publicly available only in *anonymized form*." (Amended Complaint ¶ 32 (emphasis added).) As a result, their complaint rests largely on attributing certain market activity to Defendants using an untested "probabilistic imputation" methodology that they themselves created. For the same reason, Plaintiffs also name ten John Doe defendants "whose identities are currently unknown" and who allegedly "participated in the scheme to manipulate the trading and market price of Mullen securities through spoofing." (Amended Complaint ¶ 21.)

We are now in discovery and the question of who traded what and when—separate and apart from whether those trades reflect a "spoofing" trading strategy—is a threshold one. Indeed, there is no longer any need to "impute" trades to any of the named or Doe Defendants because the trading records are readily available to Plaintiffs in discovery. To that end, Defendants have made clear to Plaintiffs that the trading activity that they have attributed to them in their complaint is inaccurate. And Plaintiffs themselves admit that their methodology results in improper imputations and has a double-digit error rate. (Amended Complaint ¶ 44.)

Hon. Louis L. Stanton
May 23, 2025
Page 4

Plaintiffs have also conceded that they will likely seek to add additional defendants (their current Doe Defendants) to this action once they have identified entities that actually traded in Mullen stock at the time and manner alleged. Accordingly, Defendants maintain that the most efficient way to conduct discovery is to prioritize the production of the trading records reflecting the trading activity in Mullen stock to determine the *actual* parties who engaged in the trading conduct Plaintiffs allege and the details of that activity. Once the trading records are produced and Plaintiffs know which entities actually traded in Mullen stock and on which dates—such that they will no longer have to rely on "probabilistic imputation" as the basis for months of complex and expensive discovery—Plaintiffs can then seek to amend their complaint to revise their spoofing allegations and add or drop parties based on the actual trading data. The appropriate parties can then efficiently proceed to the balance of discovery.

In contrast, Plaintiffs' proposal, which would expedite the production of trading records, but still have all discovery commence for the named Defendants even before the actual trading activity and appropriate parties are determined, would be incredibly inefficient and wasteful. The current parties would need to engage in all discovery, including full document production and depositions, *before* the filing of the amended complaint and while the proper scope of the case and appropriate parties remained uncertain. This could result in parties who did not trade at all being subject to enormously burdensome discovery unnecessarily while Doe Defendants who did trade are not named until after a significant amount of discovery had already occurred, thereby creating needless inefficiencies, redundancies, and delays. For example, if the named Defendants depose Plaintiff Mullen's executives and then Doe Defendants are added later, would Plaintiffs be willing to allow all of their witnesses to be deposed twice? Similarly, until the trading records are produced, how could discovery even be tailored to focus on the actual trades made and by which parties while such details remain unknown? In other words, Plaintiffs' proposal would be a recipe for extended discovery disputes.

Defendants submit that their proposal is the most efficient, orderly and structured way to conduct discovery in this action. To be clear, Defendants fully intend to produce all relevant discovery at the appropriate time. The proposal outlined above is only designed to structure such discovery so that the scope of the case is known and all appropriate parties are before the Court first. In the interim, Defendants respectfully suggest that the parties' efforts are best spent on ensuring that all trading records are produced expeditiously to assist with that effort. Plaintiffs have already served subpoenas on FINRA and DTCC to assist with that effort and, while they have not served a structured data request upon Defendants yet, Defendants are prepared to fully engage with Plaintiffs once they do to undertake the enormously burdensome and expensive task of producing all relevant trading records.

If the Court is not inclined to set the phased approach set out above and in Defendants' draft proposed scheduling order, Defendants respectfully submit that, in the alternative, the Court should set a date for the substantial completion of document and data discovery of February 15,

So Ordered.

Louis L. Stanton
May 30, 2025

Hon. Louis L. Stanton
May 23, 2025
Page 5

2026, and a date for the completion of all discovery of May 29, 2026. The parties can then proceed in the normal course under the Federal Rules.

The parties will be prepared to address their respective proposals during the Court's conference on May 30 or at the Court's convenience.

Respectfully submitted,

| | |
|---|---|
| KASOWITZ BENSON TORRES LLP | PAUL HASTINGS LLP |
| */s/ Stephen W. Tountas* <br> Stephen W. Tountas | */s/ Jennifer L. Conn* <br> Jennifer L. Conn |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* <br> *IMC Financial Markets* |
| MORRISON & FOERSTER LLP | CAHILL GORDON & REINDEL LLP |
| */s/ Eric D. Lawson* <br> Eric D. Lawson | */s/ Tammy L. Roy* <br> Tammy L. Roy |
| *Attorneys for Defendants Clear Street* <br> *Markets LLC and Clear Street LLC* | *Attorneys for Defendant* <br> *UBS Securities LLC* |

[handwritten annotation: L LS]