# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOLLINGER INNOVATIONS, INC. f/k/a MULLEN AUTOMOTIVE, INC., HYON CHA, and SHAYAN KHORRAMI<br><br><center>Plaintiffs,</center><br><center>- against-</center><br><br>IMC FINANCIAL MARKETS, CLEAR STREET MARKETS LLC, CLEAR STREET LLC, UBS SECURITIES LLC and JOHN DOES 1 THROUGH 10,<br><br><center>Defendants.</center> | Case No: 1:23-cv-10637 (LLS) |

**PLAINTIFFS' RESPONSES & OBJECTIONS TO**
**DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS**

Pursuant to Federal Rules of Civil Procedure ("Rules") 26 and 34, Plaintiffs Bollinger Innovations, Inc. f/k/a Mullen Automotive, Inc., Hyon Cha, and Shayan Khorrami (each a "Plaintiff" and together "Plaintiffs"), by and through their undersigned counsel, hereby respond and object to Defendants IMC Financial Markets, Clear Street Markets LLC, Clear Street LLC, and UBS Securities LLC's (each a "Defendant" and together "Defendants") First Set of Requests for the Production of Documents (each a "Request" and together the "Requests").

**<u>GENERAL OBJECTIONS</u>**

1.      Plaintiffs' specific responses and objections (each a "Response" and collectively, the "Responses") are in addition to the general limitations and objections set forth in this section (each a "General Objection" and collectively, the "General Objections"). The General Objections form part of the Response to each Request and are set forth here to avoid the duplication and repetition of restating them for each Response. The absence of a reference to a General Objection

in a specific Response should not be construed as a waiver of any General Objection, and the presence of a specific objection in a Response should be construed as supplementing all of the General Objections.

2.      Plaintiffs object to the Requests to the extent that they purport to impose obligations beyond those required or permitted by the Rules, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), the Court's Individual Practices and Procedures, and all other applicable laws, rules, statutes, or orders of the United States or any foreign jurisdiction (collectively, the "Applicable Rules").

3.      Plaintiffs object to the Requests to the extent that they purport to impose a duty on Plaintiffs to undertake a search for documents and communications beyond a diligent search of the files or locations where Plaintiffs would reasonably expect to find documents or communications responsive to each Request.  Plaintiffs' representations below that they will produce documents responsive to certain Requests is a representation that they will make a diligent, good-faith effort to locate reasonably accessible responsive documents and communications and will produce non-privileged, responsive documents and communications, if any are located.

4.      Plaintiffs object to the Requests to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege, immunity, or exemption. Plaintiffs' agreement to produce documents in response to any Request expressly excludes any responsive documents or portions of responsive documents that are protected from disclosure.  Any inadvertent disclosure of such privileged or otherwise protected documents shall not constitute a waiver of any applicable privilege or protection, and Plaintiffs reserve the right to demand the

return of such inadvertently disclosed documents and to object to their use or disclosure at any stage of this or any other proceeding.

5.    Plaintiffs object to the Requests to the extent that they seek disclosure of proprietary, confidential, trade secret, commercially or personally sensitive information, or information substantially likely to cause competitive, business, or commercial injury or disadvantage.  Plaintiffs reserve the right to redact any such information from any produced documents to the extent that such information is not responsive to a Request.

6.    Plaintiffs object to the Requests to the extent that they would require the production of documents or information as to which Plaintiffs, their representatives, agents, or all other persons acting for or on their behalf, owe a duty of confidentiality or non-disclosure to a third party, including a regulatory body or government agency in any country.  Plaintiffs further object to the Requests to the extent the Requests seek the production of documents or information that, if produced, would result in a violation of any contractual obligation to third parties, including clients, former clients, representatives, or agents of Plaintiffs or any affiliates thereof.

7.    Plaintiffs object to the Requests to the extent that they seek information related to investigations by regulatory bodies or government agencies in any country, unless and until the relevant regulatory bodies and government agencies have an opportunity to assert, and the Court has an adequate opportunity to resolve any objections the regulatory bodies and government agencies may have to the Requests.

8.    Plaintiffs object to the Requests to the extent that they are vague, ambiguous, overbroad, and unduly burdensome.  Plaintiffs further object to the Requests to the extent they are compound, capable of multiple interpretations, do not identify with particularity the information sought, or lack sufficient precision to allow Plaintiffs to formulate an appropriate response.  To the

extent that a Request is vague or ambiguous, Plaintiffs have responded to the best of their ability but have not attempted to speculate as to the meaning thereof.

9.     Plaintiffs object to the Requests to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs' Responses should not be construed as an admission that any documents responsive to the Requests are relevant to this litigation.

10.     Plaintiffs object to the Requests to the extent that they seek the production, disclosure, or identification of information that is available from other sources that would impose less burden and/or expense, including information that is publicly available, is already in the Defendants' possession, or is slated to be produced by other parties or witnesses in the above-captioned matter.

11.     Plaintiffs object to the Requests to the extent that they purport to call for the production of backup or archival data, or other formats of documents or information that are not readily accessible without undue burden or unreasonable expense.

12.     Plaintiffs object to the Requests to the extent that they seek the production of "all Documents," "all Communications," or "all Documents and Communications," on the grounds that such language is overbroad and unduly burdensome, particularly where documents and/or communications are produced that are sufficient to provide the material information requested.  To the extent that a search is required, Plaintiffs will search those files in their possession, custody, and control where there is a reasonable likelihood that responsive documents may be located.

13.     Plaintiffs object to the Requests to the extent that they seek production of documents or information created after the commencement of this action.

14.    Plaintiffs' Responses to the Requests are without waiver of or limitation to their right to object on any available evidentiary grounds to the use at trial or at any hearing of any information or documents referred to in their Responses.

15.    Plaintiffs object to the Requests to the extent that they contain express or implied assumptions of law or fact.  By responding to the Requests, Plaintiffs do not admit to or agree or concur with Defendants' characterization of any documents, facts, or legal conclusions.

16.    By serving these responses and objections, Plaintiffs do not waive, and hereby expressly reserve, the right to seek a protective order as to some or all of the Requests.

17.    Plaintiffs reserve the right to supplement these Responses by asserting additional objections or modified responses to the Requests.  That Plaintiffs have responded to all or part of any Request is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of any available objection, nor an admission by Plaintiffs that they possess or will produce any responsive documents.

18.    A Response to a specific Request which states that Plaintiffs will produce documents is not a representation that such documents exist or have ever existed, but instead is a representation that to the extent non-privileged documents do exist and are in the possession, custody, or control of Plaintiffs, they will be produced in accordance with the terms of Plaintiffs' response to the Request.

19.    Plaintiffs will produce responsive documents subject to the stipulated confidentiality agreement and protective order entered in this Action.

## **OBJECTIONS TO DEFINITIONS**

Without waiving or departing from the General Objections above, and specifically incorporating those objections in the Specific Responses and Objections below, Plaintiffs make the following specific objections to the Definitions:

1.      Plaintiffs object to the Definitions because they purport to impose requirements or obligations on Plaintiffs beyond the scope of, or different from, those imposed by the Applicable Rules.

2.      Plaintiffs object to the definition of "Individual Plaintiffs" as overbroad, unduly burdensome, vague, ambiguous and calling for information not relevant to the claims or defenses in this Action to the extent it purports to cover "all representatives, agents, and all other Persons acting for and on their behalf."  Plaintiffs further object to the extent the definition includes legal counsel and thus seeks discovery of information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, rule, or immunity. Plaintiffs will construe "Individual Plaintiffs" to mean Hyon Cha and Shayan Khorrami.

3.      Plaintiffs object to the definition of "Mullen" as overbroad to the extent it purports to cover "all officers, directors, employees, representatives, agents, and all other Persons acting for and on its behalf."  Plaintiffs further object to the extent the definition includes legal counsel and thus seeks discovery of information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, rule, or immunity.

4.      Plaintiffs object to the definition of "Plaintiffs" as it exceeds the definition in the Local Rules.  Plaintiffs further object to the extent the definition includes legal counsel and thus seeks discovery of information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, rule, or immunity.

5.      Plaintiffs object to the definition of "Position" as overbroad and vague if it is used to refer to activities beyond owning a particular Security, instrument, market, or other financial product.

6.      Plaintiffs object to the definition of "You" and "Your" because it incorporates the definition of "Plaintiffs," which exceeds the definition in the Local Rules.  Plaintiffs further object to the extent the definition includes legal counsel and thus seeks discovery of information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, doctrine, rule, or immunity.

## OBJECTIONS TO INSTRUCTIONS

1.      Plaintiffs object to the Instructions because they purport to impose requirements or obligations on Plaintiffs beyond the scope of, or different from, those imposed by the Applicable Rules.

2.      Plaintiffs object to Instruction No. 7 because it seeks the production of information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, the settlement privilege, or any other applicable privilege, doctrine, immunity or protection from disclosure under the Applicable Rules.  Plaintiffs further object to Instruction No. 7 as overbroad on the grounds that fulsome compliance with the Instruction is not possible and calls for more than what is required under the Applicable Rules.

3.      Plaintiffs object to Instruction No. 13 to the extent it exceeds the scope of Local Rule 26.2.

4.      Plaintiffs object to Requested Time Period No. 2 as vague and ambiguous and will search for relevant, non-privileged documents within the Relevant Period.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications, including trading data, analyses, and records, concerning the identification and/or calculation of the alleged impact of each of the Spoofing Episodes alleged in First Amended Complaint, including Exhibits 1 through 4 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain.  Plaintiffs further object on the grounds this Request seeks information regarding trade secrets or other proprietary information or confidential information of Plaintiffs or any other person or entity, including information that is subject to contractual confidentiality requirements.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.  Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged trading data as received from third parties regarding the impact of each of the Spoofing Episodes on Plaintiffs, subject to a resolution of contractual confidentiality restrictions.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications concerning the "probabilistic imputation" methodology referenced in the First Amended Complaint, including, but not limited to, any analyses, evaluations or reports relating to the application of that methodology to determine Defendants' trading activity in MULN. This Request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds this Request seeks information regarding trade secrets or other proprietary information or confidential information of Plaintiffs or any other person or entity, including information that is subject to contractual confidentiality requirements. Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications concerning any engagements, contracts or agreements You entered into for the purpose of analyzing MULN trading activity (*e.g.*, any agreements related to Mullen's April 28, 2023 announcement that "Shareholder Intelligence Services LLC" would be undertaking "a comprehensive analysis of data derived from broker-dealers, clearing firms and other sources to provide actionable intelligence on potential market manipulation and illegal short selling"), including, but not limited to, the terms of any such engagements, any instructions or guidance provided to any third parties engaged regarding any analysis of trading activity, and any resulting analyses, assessments, or reports. This Request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

## REQUEST FOR PRODUCTION NO. 4

All Documents and Communications concerning Plaintiffs' purchase or sale of MULN, including, but not limited to, communications with counterparties, pricing methodologies, formulas, calculations, pricing date selection, trading data, "true-up" provisions, arrangements with broker-dealers, activities by broker-dealers in connection with each sale, and any role broker-dealers played in the pricing or timing of each sale.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that the phrases "pricing methodologies," "true-up provisions," "arrangements," and "activities" are vague and ambiguous.  Plaintiffs will interpret this Request as seeking Documents reflecting Plaintiffs' purchase or sale of MULN.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show Plaintiffs' purchase or sale of MULN.

## REQUEST FOR PRODUCTION NO. 5

All Documents and Communications concerning Defendants' trading activity in MULN. This Request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally or more available to Defendants from sources that are more convenient, less burdensome, and/or less expensive for Defendants to obtain.  Plaintiffs further object to this Request on the grounds it seeks information regarding trade secrets or other proprietary information or confidential information of Plaintiffs or any other person or entity, including information that is subject to contractual confidentiality requirements.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged trading data received from third parties regarding Defendants' trading activity in MULN during the Relevant Period, subject to a resolution of contractual confidentiality restrictions.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications concerning Plaintiffs' at-the-money transactions in MULN. This Request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object that the term "at-the-money" is vague and ambiguous.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show Plaintiffs' purchase or sale of MULN during the Relevant Period.

## REQUEST FOR PRODUCTION NO. 7

All Documents and Communications concerning Defendants, including Your decision to file claims and initiate this action against Defendants. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

## REQUEST FOR PRODUCTION NO. 8

All Documents and Communications concerning any other claims You considered bringing in addition to those alleged in this case, concerning actual or potential manipulation of the price of MULN during the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to

the needs of the case.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.  Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

## REQUEST FOR PRODUCTION NO. 9

All Documents relating to any civil litigation, arbitration, criminal prosecution, or administrative proceedings brought by or against You involving claims relating to ownership, purchase, acquisition, sale, conversion, or transfer of any Securities issued by Mullen. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain.

## REQUEST FOR PRODUCTION NO. 10

All Documents or Communications concerning any statement made by You about this Action or the subject matter of this Action to any investor, shareholder, lender, analyst, or in any public interviews, statements, requests for quotes, or other publicly available media. This Request is made without regard to the Relevant Period.

13

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it is overly broad, unduly burdensome, vague, and does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request during the Relevant Period.

## REQUEST FOR PRODUCTION NO. 11

All engagement and retention letters between or among any of the Plaintiffs and any attorneys who are representing, or previously represented, any of the Plaintiffs in this Action. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.

## REQUEST FOR PRODUCTION NO. 12

All Communications between or among You or Your current or former agents, on the one hand, and the U.S. Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory

14

Authority, Nasdaq, or any other government agency or other entity with supervisory or regulatory authority concerning trading activity in MULN, on the other hand, concerning actual or potential manipulation of the price of MULN during the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object to this Request on the grounds it seeks information regarding proprietary information or confidential information of Plaintiffs or any other person or entity, including information that is subject to contractual confidentiality requirements.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show Communications between Plaintiffs and the referenced authorities concerning Defendants' manipulation of MULN.

## REQUEST FOR PRODUCTION NO. 13

All Communications between or among You or Your current or former agents, on the one hand, and any plaintiff or their agents in (i) *Harrington Global Opportunity Fund, Limited* v. *BofA Securities, Inc. et al.*, No. 1:21-cv-00761-LGS-VF (S.D.N.Y.); (ii) *Northwest Biotherapeutics, Inc.* v. *Canaccord Genuity LLC et al.*, No. 1:22-cv-10185-GHW-GWG (S.D.N.Y.); (iii) *Phunware, Inc.* v. *UBS Securities LLC*, No. 1:23-cv-06426-DEH (S.D.N.Y.); or (iv) *Quantum BioPharma Ltd.* v. *CIBC World Markets, Inc. et al.*, No. 1:24-cv-07972-ER (S.D.N.Y.), on the other hand, and all Documents concerning those actions. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common-

interest doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

## REQUEST FOR PRODUCTION NO. 14

All Communications between or among You or Your current or former agents, on the one hand, and any actual or potential plaintiff or their agents in any other actual or potential action, claim, or proceeding concerning alleged manipulation of a security through alleged spoofing, on the other hand. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common-interest doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that this Request

is vague and unintelligible.  Plaintiffs further object on the grounds that this Request is duplicative

and cumulative of other Requests herein.

## REQUEST FOR PRODUCTION NO. 15

All Documents and Communications concerning any engagements, contracts or agreements between You and any third party ("Litigation Funder") for the funding of this Action, including for the payment or reimbursement of any legal fees, expenses, or costs. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object

to this Request on the grounds it does not seek discovery that is relevant to any claim or defense

in this matter and is not proportional to the needs of the case.  Plaintiffs further object to this

Request on the grounds that it seeks information regarding proprietary information or confidential

information of Plaintiffs or any other person or entity, including information that is subject to

contractual confidentiality requirements.

## REQUEST FOR PRODUCTION NO. 16

All Communications between You and any Litigation Funder or potential Litigation Funder regarding the claims or defenses in this Action, including any valuation, analysis or assessment of this Action. This Request is made without regard to the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs further

object to this Request on the grounds it does not seek discovery that is relevant to any claim or

defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object to

this Request on the grounds that it seeks information regarding proprietary information or

confidential information of Plaintiffs or any other person or entity, including information that is

subject to contractual confidentiality requirements.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS TO MULLEN AUTOMOTIVE, INC.

### REQUEST FOR PRODUCTION NO. 17

All Documents and Communications concerning or reflecting Your knowledge of or analysis of any information or event that may have affected the price of MULN during the Relevant Period, including, but not limited to, any press releases or announcements; the publication of MULN's financial statements; announcements concerning Mullen's business, including vehicle development delays or other updates; public criticisms of Mullen, *e.g.*, Hindenburg Research's April 6, 2022 report regarding Mullen reverse stock splits; or any lawsuits filed against Mullen.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein. Plaintiffs further object on the grounds that the phrase "may have affected" is vague and ambiguous. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

Subject to the above General and Specific Objections, Plaintiffs are willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications concerning or reflecting Your knowledge of or analysis of the actual or potential effect on the price of MULN during the Relevant Period of any of Mullen's equity or debt financing arrangements, including, but not limited to, Mullen's issuance of equity or debt instruments, warrants, or other embedded derivatives such as conversion options, the subsequent exercise or conversion of any such warrants, convertible debt or preferred equity instruments by the holders of those instruments, the sale of Mullen common stock in connection with any such financing arrangements, and other related trading activity, including short selling, by the holders of any Mullen Securities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this Request on the grounds that the phrases "knowledge of or analysis of the actual or potential effect" and "embedded derivatives" are vague and ambiguous, and the Request is unintelligible. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein. Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications concerning investor sentiment, public messaging, and communications to the market, including any efforts to monitor, analyze, or influence investor sentiment, regarding MULN during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein. Plaintiffs further object on the grounds that the phrases "investor sentiment," and "efforts to monitor, analyze, or influence investor sentiment" are vague and ambiguous.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications concerning Your decision to implement reverse stock splits during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to

the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 21

Documents sufficient to identify the terms and counterparties to all loan agreements and/or other financing agreements entered into by You, including, but not limited to securities purchase agreements, exchange agreements, subscription and investment agreements, and any other agreements involving the sale of convertible notes, common or preferred stock, warrants, and other Securities of Mullen.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 22

All Documents and Communications concerning or reflecting any analysis, discussion, or consideration of whether and to what extent such financing, or trading activity by any of the counterparties to the transactions relevant to Request 21, could affect or had affected the price of MULN during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.   Plaintiffs further object on the grounds that the phrases "analysis, discussion, or consideration" and "could affect or had affected" are vague and ambiguous.  Plaintiffs further object to this Request insofar as it seeks expert analysis subject to protection under Rule 26(b)(4).

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents reflecting the impact of such agreements on the price of MULN.

**REQUEST FOR PRODUCTION NO. 23**

Documents sufficient to show any conversion requests You received from any convertible noteholders and Your response to such requests, including as to any and all instances where You decided not to convert convertible Securities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does

not seek discovery that is relevant to any claim or defense in this matter and is not proportional to

the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and

the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential

benefit.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable

search for relevant, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24**

All Documents and Communications concerning any short selling of Mullen Securities by any of
the counterparties to agreements relevant to Request 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object

to this Request on the grounds that it seeks information and/or documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or restriction.  Plaintiffs object to this Request on the grounds it does not seek

discovery that is relevant to any claim or defense in this matter and is not proportional to the needs

of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden

on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable

search for relevant, non-privileged documents sufficient to show any short selling of Mullen

Securities by such counterparties.

**REQUEST FOR PRODUCTION NO. 25**

All Documents and Communications concerning any compensation or financial remuneration of
any kind provided to Your officers and directors, including any such compensation provided in
connection with any of the transactions relevant to Request 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that the phrase "financial remuneration of any kind" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications concerning any role Your officers or directors played in the pricing or timing of sales of Securities issued by Mullen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that the phrase "any role" is vague and ambiguous.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show the role of Mullen officers or directors in pricing or timing of Securities issued by Mullen.

**REQUEST FOR PRODUCTION NO. 27**

Documents sufficient to show the role Your placement agents played in connection with the pricing or timing of Your sales of MULN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that the terms "role" and "placement agent" are vague and ambiguous.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 28

All Documents and Communications concerning any sales, purchases, pledges, or any other transfer of ownership of Securities issued by Mullen by Your officers, directors, or affiliates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that the phrases "pledges" and "affiliates" are vague and ambiguous.  Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are already in Defendants' possession, custody, or control, or are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain.

Subject to the above General and Specific Objections, Plaintiffs refer Defendants to Form 4 filed by Mullen and its officers and directors with the Securities & Exchange Commission for information regarding its officers' and directors' stock sales during the Relevant Period.

## REQUEST FOR PRODUCTION NO. 29

All Communication between any of Your employees or agents, on the one hand, and the Individual Plaintiffs or their agents, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, common-interest doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show Communications between Mullen and the Individual Plaintiffs.

**REQUEST FOR PRODUCTION NO. 30**

Documents sufficient to identify the terms and counterparties to all formal or informal agreements between or among You, on the one hand, and any individual or entity, on the other hand, concerning the promotion of MULN on social media platforms, including, but not limited to, YouTube, Discord, X (formerly Twitter), Stocktwits, Reddit, or Facebook.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this Request on the grounds that it seeks information regarding proprietary information or confidential information of

Plaintiffs or any other person or entity, including information that is subject to contractual confidentiality requirements.

Subject to the above General and Specific Objections, Mullen states that it is not aware of any documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 31

Documents sufficient to identify the terms and counterparties to all formal or informal agreements between or among You, on the one hand, and any individual or entity, on the other hand, concerning the promotion of MULN to potential investors, including through automatic calls or "robocalls."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this Request on the grounds that it seeks information regarding proprietary information or confidential information of Plaintiffs or any other person or entity, including information that is subject to contractual confidentiality requirements.

## REQUEST FOR PRODUCTION NO. 32

All Communications between any of Your employees or agents, on the one hand, and the counterparties to all agreements relevant to Requests 30 and 31, on the other hand, related to the services provided in connection with those agreements or otherwise related to any Security issued by Mullen.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on

the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

## REQUEST FOR PRODUCTION NO. 33

All Documents and Communications concerning Chief Executive Officer David Michery's compensation, including, but not limited to, performance stock awards of MULN common stock, preferred stock, warrants or any other Security issued by Mullen.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain.

## REQUEST FOR PRODUCTION NO. 34

All Documents and Communications concerning your decision to acquire a majority stake in Bollinger Motors Inc. and/or any impact that acquisition had on the price of Mullen common stock.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and

the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential

benefit.

## REQUEST FOR PRODUCTION NO. 35

All Documents and Communications concerning Your compliance with SEC reporting requirements during the Relevant Period, including related to the disclosure of "true-up" provisions, related-party transactions, and reporting of trading activity by Your officers and directors of Securities issued by Mullen.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object

to this Request on the grounds that it seeks information and/or documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or restriction. Plaintiffs further object on the grounds that the term "true-up"

is vague and ambiguous. Plaintiffs further object to this Request on the grounds it does not seek

discovery that is relevant to any claim or defense in this matter and is not proportional to the needs

of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden

on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

Plaintiffs further object to this Request on the grounds that it seeks documents and communications

that are otherwise equally available to Defendants from sources that are publicly available, more

convenient, less burdensome, and/or less expensive for Defendants to obtain.

## REQUEST FOR PRODUCTION NO. 36

All Documents and Communications with Your auditors regarding any material weaknesses in internal controls identified in Your SEC filings, or any disagreements or potential disagreements between You and Your auditors regarding the accuracy of the financial reporting in Your SEC filings.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object

to this Request on the grounds that it seeks information and/or documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that the phrases "material weaknesses" and "disagreements or potential disagreements" are vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 37

All Documents and Communications produced by You in any litigation against You and/or Your officers or directors related to allegations of potential fraud or the breach of a fiduciary duty by You and/or Your officers or directors during the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that the phrase "potential fraud" is vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 38

All Documents and Communications concerning any whistleblower complaints made by any of Your current or former employees concerning allegations of fraud or corporate mismanagement by You or Your officers or directors during the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does

not seek discovery that is relevant to any claim or defense in this matter and is not proportional to

the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and

the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential

benefit.

## REQUEST FOR PRODUCTION NO. 39

All Documents and Communications related to the action captioned *Mullen Automotive, Inc. et al.* v. *TD Ameritrade, Inc. et al.*, 1:23-cv-07647-DEH (S.D.N.Y. Aug. 29, 2023), including all Documents on which you relied in drafting and filing the Complaint in that action.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object

to this Request on the grounds that it seeks information and/or documents protected from

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other

applicable privilege or restriction. Plaintiffs further object to this Request on the grounds it does

not seek discovery that is relevant to any claim or defense in this matter and is not proportional to

the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and

the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential

benefit. Plaintiffs further object to this Request on the grounds that it seeks documents and

communications that are otherwise equally available to Defendants from sources that are publicly

available, more convenient, less burdensome, and/or less expensive for Defendants to obtain.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS
## TO INDIVIDUAL PLAINTIFFS

## REQUEST FOR PRODUCTION NO. 40

All Documents and Communications concerning Your decision to purchase, acquire, sell, transfer, or hold Securities issued by Mullen, including Documents concerning any due diligence, investigation, analysis, or evaluation conducted by You or on Your behalf.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object on the grounds that the phrase "diligence, investigation, analysis, or evaluation conducted by You or on Your Behalf" is vague and ambiguous.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 41

Documents sufficient to identify all Persons who participated in, were consulted by, acted on behalf of You, or were otherwise involved in any decision by You to purchase, acquire, sell, transfer, or hold Securities issued by Mullen.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 42**

All Communications between or among You and any broker-dealer, financial or investment advisor, or other Person relating to any actual or potential purchase, acquisition, sale, transfer, or other transaction of, or decision to hold, any Security issued by Mullen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object on the grounds that the phrase "potential purchase, acquisition, sale, transfer, or other transaction of, or decision to hold" is vague and ambiguous.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged communications regarding transactions in MULN.

**REQUEST FOR PRODUCTION NO. 43**

All Documents concerning or reflecting Communications between or among You or one of Your agents, on the one hand, and any employee or agent of Mullen, on the other hand regarding Mullen or any Security issued by Mullen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs

33

of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 44

All Documents and Communications concerning Your Position in any Security issued by Mullen, including all trade confirmations, trade slips, monthly or periodic account statements, profit or loss statements, or other Documents received by You from any agent, broker-dealer, investment or other advisor, or other Person.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds that it seeks information and/or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show trades in MULN.

**REQUEST FOR PRODUCTION NO. 45**

All Documents and Communications concerning Your monitoring or evaluation of the performance of, and developments concerning, Mullen and/or Your Position in any Security issued by Mullen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.  Plaintiffs further object that the phrase "monitoring or evaluation of the performance or, and developments concerning" is vague and ambiguous.  Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46**

Documents sufficient to identify Your gross and net profits earned or losses incurred as a result of the purchase, ownership, acquisition, sale, or transfer, of Securities issued by Mullen, whether evaluated by trading gains and losses, fees, expenses (direct and indirect), interest charges, or any other measure, and the accounting treatment (including for tax, profit/loss, or any other purposes) of any such purchase, ownership, acquisition, sale, or transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Plaintiffs incorporate the General Objections as if fully set forth herein.  Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case.  Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on

its face would far outweigh any potential benefit. Plaintiffs further object on the grounds that the terms "trading gains and losses, fees, expenses (direct and indirect), interest charges, or any other measure, and the accounting treatment (including for tax, profit/loss, or any other purposes)" are vague and ambiguous. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents sufficient to show losses incurred concerning MULN.

## REQUEST FOR PRODUCTION NO. 47

All news and information, including, but not limited to, from the internet, newsletters, newspapers, magazines, analyst reports, services, databases, issuer publications, that You reviewed in connection with Your purchases and/or sales (or any contemplated purchases and/or sales) of Securities issued by Mullen during the Relevant Period.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs further object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object to this request on the grounds that the terms "analyst reports," "services," "databases," and "issuer publications" are vague and ambiguous. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

Subject to the above General and Specific Objections, Plaintiffs will conduct a reasonable search for relevant, non-privileged documents responsive to this Request.

36

**REQUEST FOR PRODUCTION NO. 48**

All posts or messages You sent or received concerning Mullen or the Defendants on social media platforms, including, but not limited to, YouTube, Discord, X (formerly Twitter), Stocktwits, Reddit, or Facebook. This Request is made without regard to the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object to this Request on the grounds that it seeks documents and communications that are otherwise equally available to Defendants from sources that are publicly available, more convenient, less burdensome, and/or less expensive for Defendants to obtain. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit. Plaintiffs further object on the grounds that this Request is duplicative and cumulative of other Requests herein.

**REQUEST FOR PRODUCTION NO. 49**

All posts, notices, messages, or other Communications You received from X (formerly Twitter) or any other social media platform, regarding Your suspension or potential suspension from such platform(s), include any suspension relating to the X username or handle "@chacha72kobe4er" to the extent that You operated or controlled such username or handle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Plaintiffs incorporate the General Objections as if fully set forth herein. Plaintiffs object to this Request on the grounds it does not seek discovery that is relevant to any claim or defense in this matter and is not proportional to the needs of the case. Plaintiffs further object on the grounds that this Request is overbroad and the burden on Plaintiffs to comply with the Request on its face would far outweigh any potential benefit.

Dated:    New York, New York          KASOWITZ LLP
          September 4, 2025

                                       By: */s/ Stephen W. Tountas*
                                           Stephen W. Tountas
                                           Andrew L. Schwartz
                                           Andrew C. Bernstein
                                           William W. Taub
                                           Daniel M. Furey
                                           1633 Broadway
                                           New York, New York 10019
                                           Tel: (212) 506-1700
                                           stountas@kasowitz.com
                                           aschwartz@kasowitz.com
                                           abernstein@kasowitz.com
                                           wtaub@kasowitz.com
                                           dfurey@kasowitz.com

                                       *Attorneys for Plaintiffs*